Mary C. Adams *vs.* Vincent G. Mulvaney *et al.*

AUGUST 5, 1954.

Present: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a bill in equity which seeks to impress a constructive trust upon certain real estate located in the town of Coventry in this state and to compel the respondents to execute a conveyance of a portion of said premises representing the complainant's interest therein, or in the alternative to enter judgment against the respondents in the sum of $1,450 plus costs and attorney's fees. The case is before us on the complainant's appeal from the entry of a final decree sustaining the respondents' demurrer to the bill of complaint and denying and dismissing the bill of complaint.

The bill alleges in substance that the parties entered into an agreement to sell and purchase the premises described

in the bill of complaint at an agreed price of $6,500; that the purchase money was to to be made up as follows: $5,200 from a first mortgage to the Danielson Federal Savings and Loan Association of Danielson, Connecticut; $1,100 which complainant advanced to respondents as a loan on certain conditions; and $200 in cash contributed by the respondent Vincent G. Mulvaney. The last two sums were deposited in the Centreville Savings Bank in West Warwick, which issued a certified check therefor in the amount of $1,300. The bill further alleges that complainant thereafter executed a deed of conveyance to the respondents who in turn executed a mortgage to the Danielson Federal Savings and Loan Association; and that the representatives of the mortgagee then turned over to complainant two checks, namely, the certified check of the Centreville Savings Bank for $1,300 and another check in the sum of $5,162.34 representing the amount of the mortgage less $37.66 which had been deducted as complainant's pro rata share up to July 21, 1953 of real estate taxes due the town of Coventry.

The bill also alleges that the parties thereupon started to return in the respondents' automobile to the bank to deposit the above checks in the savings account of complainant; that on the way the respondent Vincent G. Mulvaney represented that he was obligated to return within two weeks to a fellow employee the amount he had borrowed from him, from which loan he had made the $200 payment referred to above; and that he requested complainant to lend him an additional $350 to cover that repayment and certain expenses incurred by him so that he would be "owing it all in one place."

The complainant alleges that she agreed to this request, and after depositing the above two checks in her savings account in the Centreville Savings Bank she withdrew $350 therefrom which she loaned to respondents with the understanding that they accompany her to the office of an attorney to "draw up the papers" evidencing this transaction; that

respondent Vincent G. Mulvaney feigned fatigue and suggested that they complete the transaction at a later date; and that respondents have continually refused either to accompany her to a lawyer for the purpose of "recording the transaction" or to make payments thereon according to the terms of their agreement.

The respondents demurred to the bill of complaint on the ground that it was not cognizable in equity; that complainant had an adequate remedy at law; that there was no basis for the imposition of a constructive trust; and that the bill of complaint was vague, uncertain and indefinite.

In our opinion the demurrer should be sustained, but only on the fourth ground, namely, that the bill of complaint is vague, uncertain and indefinite. It is difficult to determine from a careful examination of the bill whether the complainant seeks to impose a constructive trust on the theory of a vendor's lien, or to establish a lien on the demised premises by way of equitable mortgage, or otherwise. There are recitals in the bill from which it would appear that complainant might also be seeking specific performance of the agreement as alleged therein. However, the allegations are not precise and complete and there is no specific prayer for such relief. There is also some intimation of acts committed by the respondents which indicate that complainant might be relying on fraud perpetrated on her as a ground for relief. This mixture of incomplete and indefinite allegations and the absence of prayers relating thereto make the bill subject to demurrer on the fourth ground, namely, that the bill is vague, uncertain and indefinite.

However, the bill does set out enough to suggest a case for some kind of equitable relief which could not be adequately granted in an action at law. In view of the recitals as to the agreement, the relief prayed for could not be granted in a law action, nor would money damages

correspond to the terms of the agreement as alleged. On such allegations there is no adequate remedy at law open to the complainant and any relief to which she would be entitled would be obtainable only in equity.

The complainant's appeal is sustained in part, the decree appealed from is affirmed only as to the fourth ground of demurrer, without prejudice, however, to the right of the complainant to amend her bill as she may be advised, and the cause is remanded to the superior court for further proceedings.

*Robert R. Afflick,* for complainant.

*James J. Corrigan,* for respondents.